### ARDIS & CO. v. WINN. *
### No. 4533.

Court of Appeal of Louisiana. Second Circuit.

March 31, 1933.

Rusca & Cunningham, of Natchitoches, for appellant.

Phanor Breazeale, of Natchitoches, for appellee.

DREW, Judge.

Plaintiff alleged it was the holder and owner for value before maturity of a certain promissory note executed by defendant, dated September 15, 1928, for the sum of $1,450, payable to any future holder on December 31, 1928, bearing interest at the rate of 8 per cent. per annum from date until paid, and 10 per cent. on the whole as attorney's fees; that the note is identified with an act of mortgage of same date, recorded in the mortgage records of Natchitoches parish, La., wherein the defendant mortgaged, pledged and hypothecated to and in favor of any future holder of the note the following described property to wit: Lot 5 of block 44 and lots 4 and 5 of block 36, with improvements thereon, situated in the village of Marthaville, Natchitoches parish, La.

It further alleged that the defendant was president and general manager of the Veal-Winn Company, Limited, a corporation, and owned all of its capital stock with the exception of one or two shares, and was in sole control thereof; that said corporation owed to plaintiff a large sum of money which it was unable to pay, and the defendant, in consideration of the petitioner carrying the account and making further advances to said corporation, agreed to secure in part the debt then due by giving certain personal security, including the note sued on here. In accordance with said agreement the note sued on was given to defendant, and the other securities promised were never delivered.

It further alleged that Veal-Winn Company, Limited, had been placed in the hands of a receiver and its assets reduced to cash, and that plaintiff did not receive anything therefrom to place against its account. It prayed for judgment on the note, with interest and attorney's fees, and for recognition of its special mortgage, and that the property described therein be sold as the law directs, and that it be paid by preference and priority over all other persons.

The defense set up by defendant is that he gave the note in question to plaintiff for the sole and only purpose of securing further advances of goods, wares, and merchandise to the corporation, Veal-Winn Company, Limited, during the year 1928, and for no other purpose; and that it shipped to plaintiff during the year 1928 a large number of bales of cotton which were more than enough to pay for all advances made during the year 1928; and that the debt for which the note was given as security was thereby settled, annulling and abrogating the note held by plaintiff as security.

He further alleged that plaintiff had additional security in a $10,000 life insurance policy on defendant's life, and refuses to return it, and should be ordered to return same to defendant. He prays that plaintiff's demands be rejected at its cost.

The lower court sustained the defense set

up and rejected the demands of plaintiff, and it has appealed to this court.

The facts disclosed by the record do not justify the judgment of the lower court, even though we should accept defendant's version that the note was given as security for advances for 1928 only. The record discloses that during the year 1928 advances were made to Veal-Winn Company, Inc., by plaintiff to the amount of $25,190.97, and during that year plaintiff received on this account 283 bales of cotton, which were sold for $20,493.46, leaving a balance due on 1928 account of $4,697.51. These are the figures testified to by the treasurer of the plaintiff company.

The testimony offered by the defendant to offset this is very vague and indefinite. He testified that according to his recollection he shipped 50 bales of cotton on contract and at contract price; and his recollection is that he shipped an additional 275 bales, and that at the price of cotton at the time it was shipped, it would have settled in full the 1928 account. He did not authorize or request the sale of the cotton at the time it was shipped, but left it to the judgment of plaintiff when to sell, as he had done for a number of years previous thereto. He does not give us the price of cotton when it was shipped, the dates of shipment, or the grade of cotton. He is not positive how many bales were shipped, and testifies only, as he puts it, to "my recollection." Such testimony is not sufficient to overcome positive testimony as to the number of bales received by plaintiff from the Veal-Winn Company, Limited.

Plaintiff for many years had received cotton from defendant corporation to be applied on account, and the record, we think, discloses that the cotton was sold or held for better price by plaintiff, and its judgment was exercised in this respect, with the full approval of defendant. This being true, it would have been necessary for defendant to have given specific orders to plaintiff to sell his cotton and its refusal shown, before he can complain.

Having found that there was a balance due on the 1928 account in a sum exceeding the amount of the note sued on here, it is unnecessary to determine if the note was given for security for the 1927 account also.

The evidence in regard to the insurance policy is that plaintiff has paid all premiums paid to date. Defendant has paid nothing on said policy. Although defendant alleged on said policy, there is nothing in the prayer concerning it; neither has there been any reference made to it in brief. We presume it has been abandoned.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court is reversed, and there is now judgment for plaintiff, Ardis & Co., and against the defendant, J. I. Winn, in the full sum of $1,450, with interest at the rate of 8 per cent. per annum from February 15, 1928, until paid, and 10 per cent. upon both principal and interest as attorney's fees.

It is further ordered, adjudged, and decreed that the plaintiff's special mortgage be recognized on lot 5 of block 44, and lots 4 and 5 of block 36, with improvements thereon, situated in the village of Marthaville, Natchitoches parish, La., and that same be seized and sold by the sheriff of Natchitoches parish, La., in accordance with law, and plaintiff be paid the proceeds thereof by preference and priority over all other persons.